UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              Case No. 19-25801-LMI

AVA C. BENJAMIN,                                    Chapter 13


            Debtor.
_____/

**TIAA FSB'S OBJECTION TO DEBTOR'S MOTION TO MODIFY CHAPTER 13 PLAN AND SECOND MODIFIED CHAPTER 13 PLAN**

TIAA FSB ("Secured Creditor"), by and through undersigned counsel, files this *Objection to Debtor's Motion to Modify Chapter 13 Plan and Second Modified Chapter 13 Plan*, and in support states as follows:

1. On November 22, 2019, Ava C. Benjamin ("Debtor") commenced this bankruptcy case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code [D.E. #1].

2. Secured Creditor holds a first mortgage position on Debtor's real property located at 2246 NW 61 Street, Miami, FL 33142 (the "Property"), by virtue of a Mortgage which is recorded in Official Records Book 27103, at Page 4531, of the Public Records of Miami-Dade County, Florida.  The Mortgage secures a Note in the amount of $116,000.00.

3. Secured Creditor filed a Proof of Claim [Claim # 7] on January 8, 2020 in this case, in the principal balance amount of $82,488.08 with arrears in the amount of $17,818.30. At the time of filing, the regular monthly mortgage payment was $765.91.

4. On May 19, 2020, Secured Creditor filed a Notice of Post-petition Mortgage Fees, Expenses, and Charges ("PPFN") in the amount of $665.00.

5. Subsequent to the Secured Creditor's filed Proof of Claim #7, and in compliance with the requirements of Fed.R.Bankr.P.3002.1, Secured Creditor filed two separate Notice of Mortgage Payment Changes as follows:

    a. Notice of Mortgage Payment Change filed on October 5, 2020, for a payment change effective on November 1, 2020 in the amount of $1,258.38 (the "11/1/2020 NOPC").

b. Notice of Mortgage Payment Change filed on December 10, 2020, for a payment change effective on January 1, 2021 in the amount of $943.86 (the "1/1/2021 NOPC").

6. Debtor's *First Modified Plan* [D.E. #73] was confirmed by Order dated March 18, 2021 [D.E. #75] which conformed to Claim 7 and each of the filed Notices of Mortgage Payment Changes.

7. On October 20, 2021, Debtor file a Motion to Modify Chapter 13 Plan [D.E. #83]. According to the proposed *Second Modified Chapter 13 Plan [D.E.# 87] ("Modified Plan")*, Debtor proposed to retain the Property, cure the pre-petition arrearage, and provide for the ongoing monthly mortgage payment.

8. While the Modified Plan continues to propose the curing of arrears in the amount of $17,818.30, Debtor is no longer proposing to maintain the ongoing monthly mortgage payments in accordance with Claim #7 or the previously filed Notice of Mortgage Payment Changes. The Modified Plan also seeks to skip payments of the pre-petition arrearage for months 23 through 28 and fails to provide for the filed PPFN.

9. Pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), Secured Creditor is entitled to period payments in equal amounts that conform with Claim #7 and each of the filed Notice of Mortgage Payment Changes. Secured Creditor objects to any plan which does not provide for payments in equal amounts. Secured Creditor objects to proposed Modified Plan treatment to skip payments as to the curing of the arrearage for months 23 through 28. If a Chapter 13 Plan includes periodic payments on a secured claim, such payments shall be in equal monthly amounts. *In re Benedicto*, 15-28671-RAM, DE# 143. *In re Gonzalez*, 14-20339-LMI. If a debtor proposes to pay its lender a fixed sum in monthly payments, the monthly payments must be in equal amounts. *Id*. The Court has held that the Debtor must make plan payments to Creditors in equal monthly installments.

10. Therefore, the Modified Plan is not in compliance with the requirements of 11 U.S.C. §1322(b)(3) and 11 U.S.C. §1325(a)(5) and cannot be confirmed.

11. Secured Creditor objects to any plan which does not provide for the ongoing monthly mortgage payments that conforms with Claim #7, does not provide for the filed PPFN, and does not provide for each of the filed Notice of Mortgage Payment Changes.

12. Secured Creditor hereby reserves the right to supplement this Objection at or prior to the hearing.

**WHEREFORE**, Secured Creditor respectfully requests the entry of an Order which denies confirmation of the Modified Plan unless such plan is modified to overcome the objections of Secured Creditor as stated herein.

Respectfully Submitted:

/s/ *Jennifer Laufgas*
Jennifer Laufgas
Bar No.: 56181
Aldridge Pite, LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: Jlaufgas@aldridgepite.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Objection to Motion to Modify Chapter 13 Plan was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR**
Ava C Benjamin
2246 NW 61st Street
Miami, FL 33142-7829

**DEBTOR'S ATTORNEY**
Jose A Blanco
Jose A. Blanco, P.A.
jose@blancopa.com

**TRUSTEE**
**(via electronic notice)**
Nancy K. Neidich
e2c8f01@ch13miami.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**
Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Dated: November 10, 2021

/s/ Jennifer Laufgas
Jennifer Laufgas
Bar No.: 56181
Aldridge Pite, LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: Jlaufgas@aldridgepite.com